## M. E. EPPERSON *et al. v.* SHELBY COUNTY.

COUNTY. *When not liable for building bridges.* Persons who build or repair a bridge over a creek on a public road without an order from the county court, but simply do the work upon advice of a justice of the county, can have no remedy against the county for building or repairing the same.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. C. W. HEISKELL, J.

GANTT & PATTERSON for Epperson.

TAYLOR & CARROLL for County.

FREEMAN, J., delivered the opinion of the court.

The facts involved in this controversy are shown in an agreed statement found in the record. They are substantially as follows:

In 1876, soon after the adjournment of the county court, by reason of a freshet, a bridge over what is called "Big" Creek, on one of the main public roads of the county, was carried away. The plaintiffs, without any order from the county court or contract for the purpose, under the advice of a justice of the peace of an adjoining district, rebuilt and repaired the bridge. Their account, claiming $225 for this work, was after this presented to the county court, where a committee was appointed to "examine and report as to the facts of the case and value of said work." At the January term after, this committee reported that the work was worth $175, which report the county court rejected, whereupon the parties brought this suit.

The circuit judge found the work worth $150, but held the county not liable to pay for it, from which there is an appeal in error to this court.

We can see no principle on which plaintiffs' claim can be sustained. This is not the case of a party doing the work under a contract, which is imperfectly performed, in which case, under our law, he might recover the actual value of the work done, as it was done, when the other party retains it. It is simply

the case of a party, without order or assent of the other party, voluntarily doing work for another, and then demanding that other shall pay for the work so done.    The case is still stronger, as the record shows that when the claim was presented to the county court it was rejected, after a report by the committee appointed to report on the facts; so that, so far from a ratification, on full knowledge of the facts, there has been a positive refusal to do so.

Ample provision is made for building bridges, making repairs and the like, in our Code, and for removal of obstructions to roads, caused by accident or other means: See secs. 1211, 1212, 1217.    But there is no known provision of our law authorizing parties to volunteer to do this work, and then compel payment by the county court.    To enforce such a demand, would be to make contracts by compelling the assent of one party on the demand of the other, who chose to assume certain work was needed, and does it.    We are not prepared to go this far, and unless we do, this case cannot be affirmed.

Let it be so adjudged.